**Ross A. Day**, OSB #002395
Oregonians in Action Legal Center
PO Box 230637
Tigard OR  97281
Phone: 503-620-0258
Fax: 503-639-6891
E-mail: ross@oia.org
Of Attorneys for Plaintiffs Walker and Pelikan

Tyler Smith, OSB #075287
Tyler D. Smith P.C.
181 N. Grant St. STE 212
Canby, OR 97013
Phone: (503) 266-5590
Fax: (503) 266-5594
Email: tylersmithis@wbcable.net
Of Attorneys for Plaintiffs Walker and Pelikan

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF OREGON

| | |
|---|---|
| RUSS WALKER, GLENN PELIKAN,<br><br>              Plaintiffs,<br><br>  v.<br><br>STATE OF OREGON, by and through BILL BRADBURY, Secretary of State for the State of Oregon,<br><br>              Defendant. | Case No. 08-6135 HO<br><br>FIRST AMENDED COMPLAINT<br><br>(Declaratory Judgment, 28 U.S.C §2201; Violation of Civil Rights, 42 U.S.C. §1983; Attorneys Fees, 42 U.S.C. §1988)<br><br>JURY TRIAL DEMANDED |

Plaintiffs allege:

## I. INTRODUCTION

1.

The initiative and referendum system in Oregon was adopted by popular vote of the people of Oregon after the legislative process had been controlled by special interests who would prevent otherwise popular reforms from ever becoming law.  As a result of the initiative and referendum process in Oregon women received the right to vote, the death penalty was

Page 1      FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX:  (503) 639-6891

abolished (and later restored via, the initiative), property tax rates were limited, mandatory minimum sentences were adopted, the first-ever physician assisted suicide law in the industrialized world was adopted, and property rights in Oregon were protected. Each of these reforms faced stiff opposition in the Oregon Legislature from a variety of special interest groups, and may never have become law, but for Oregon's initiative and referendum system.

2.

Not surprisingly, the use of the initiative and referendum process has created friction between the Oregon Legislature and the special interests that control the Oregon Legislature, and the citizen activists who bypass the Oregon Legislature and take their issues directly to the voters.

3.

As a result of this friction, the 2007 Oregon Legislative Assembly adopted House Bill 2082 (2007) – which became Chapter 848 Or. Laws 2007 – which was supported and defended by the same special interests who, over time, opposed one or more of the reforms adopted by the voters of Oregon. Chapter 848, Or Laws 2007 (herein HB 2082) is intended to, and has the effect of making it nearly impossible (if not completely impossible) for the citizens of Oregon to initiate measures and institute reforms that these special interests vehemently oppose.

## II.  STATEMENT OF JURISDICTION AND VENUE

4.

This case seeks to protect constitutional rights, therefore this Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (constitutionally protected rights); 28 U.S.C. §§ 2201-02 (declaratory judgment and injunctive relief).

Page 2   FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX:  (503) 639-6891

5.

Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendant state of Oregon's principal offices are located in Marion County, Oregon and Defendant Bradbury's principal office is located in Marion County, in the Federal Judicial District of Oregon, Eugene Division, and because a substantial part of the events giving rise to the claim occurred in the Federal Judicial District of Oregon.

### III.  PARTIES

6.

Plaintiff Russ Walker, an Oregon resident of Marion County, is a frequent chief petitioner on a number of initiative measures in Oregon.  Plaintiff Walker is currently a Chief Petitioner on nine (9) initiative measures for the 2008 general election.

7.

Plaintiff Glenn Pelikan is an Oregon resident of Multnomah County, is a frequent chief petitioner on a number of initiative measures in Oregon.  Plaintiff Pelikan is currently a Chief Petitioner on eleven (11) initiative measures for the 2008 general election and two measures for the 2010 general election.

8.

Defendant Bill Bradbury is the Secretary of State of the State of Oregon, whose principal offices are located in Salem, Marion County, Oregon.  Pursuant to ORS 246.110, Defendant Bradbury is the chief elections officer, most solemnly sworn to uphold the laws and Constitutions of the State of Oregon and the United States, and under a solemn and statutory duty pursuant to ORS 246.110 to protect and extend the franchise to vote, and including the responsibility of overseeing the initiative process under Article IV of the Oregon Constitution and the provisions of ORS Ch. 250.

Page 3    FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX: (503) 639-6891

## GENERAL ALLEGATIONS

9.

HB 2082 became fully effective on January 1, 2008. A true and correct copy of HB 2082 as enrolled in Chapter 848, Oregon Laws 2007, is attached as Exhibit 1 to this Amended Complaint.

10.

Several sections of Chapter 848, Or. Laws 2007 (HB 2082), form the basis of this action. These sections of Chapter 848, Or. Laws 2007 (HB 2082) will collectively be referred to herein as the "Challenged Provisions". The Challenged Provisions are:

(1) §2 of Chapter 848, Or. Laws 2007 (HB 2082), which requires professional petition circulators to be trained by the government before professional petition circulators are allowed to circulate a petition;

(2) §2 of Chapter 848, Or. Laws 2007 (HB 2082), which requires professional circulators to register with the government and obtain a permit before a professional petition circulator can begin circulating a petition;

(3) §2 of Chapter 848, Or. Laws 2007 (HB 2082), which requires professional circulators to obtain and carry an identification badge. Under this section, a professional circulator cannot begin circulating a petition until the professional circulator receives an identification badge from the government;

(4) §3 and §8(7)(b)(A) of Chapter 848, Or. Laws 2007 (HB 2082), which requires signature sheets to be a different color depending on whether the person circulating the petition is a professional circulator;

(5) §5 of Chapter 848, Or. Laws 2007 (HB 2082), which prohibits chief petitioners from engaging in core political speech unless the chief petitioners agree to waive

Page 4    FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX: (503) 639-6891

their rights to be free from unreasonable search and seizure, regardless of whether the chief petitioners are even alleged to have engaged in unlawful conduct;

(6) §7 of Chapter 848, Or. Laws 2007 (HB 2082), which imposes civil liability on a chief petitioner for the unlawful conduct of professional circulators who have no contractual or employment relationship with the chief petitioner;

(7) §§8, 16-27 of Chapter 848, Or. Laws 2007 (HB 2082), which allows the government to disqualify otherwise valid petition signatures merely because a professional circulator may not have physically witnesses the Oregon voter affixing his or her signature to the petition.

11.

The Challenged Provisions of HB 2082 each creates a burden on the Plaintiffs' ability to engage in core political speech through the use of initiative, referendum and recall petitions (herein collectively referred to as "petitions"). For purposes of this Complaint, use of the term "burden" is intended to mean "burden, or in the alternative, a severe burden".

12.

Plaintiffs Russ Walker and Glenn Pelikan are currently Chief Petitioners for active initiative petitions and have, or intend to pay others to speak on their behalf. Plaintiffs Walker and Pelikan will be burdened and restrained from doing so by the Challenged Provisions of HB 2082.

13.

Plaintiffs Russ Walker and Glenn Pelikan are residents and electors in the state of Oregon who intend to make use of their initiative, recall or referendum rights in the future. Equally, as individual citizens and residents of the United States and of the State of Oregon

Page 5      FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX: (503) 639-6891

Plaintiffs Walker and Pelikan are entitled to the rights and protections guaranteed by the United States and Oregon Constitutions.

14.

Plaintiffs Russ Walker and Glenn Pelikan are each engaged in core political speech both in their capacity as chief petitioners and when they pay someone else to promote their ideas and circulate their petitions.

15.

The Challenged Provisions of HB 2082 prohibit Plaintiffs from paying others to speak on their behalf through the process of circulating petitions, unless they comply with the new law. The speech and expression of the paid circulator is the speech or expression of the chief petitioner. Burdens and restraints on paid petitioners are likewise burdens and restraints on a chief petitioner's speech and expression. Thus, each of the Challenged Provisions of HB 2082 restrains and burdens the amount of speech and expression that Plaintiffs can engage in.

16.

Less burdensome alternatives exist to address each of the state's asserted interests in protecting the initiative and referendum process. The restrictions on petition circulation imposed by the Challenged Provisions of HB 2082 are not directed at punishment for actual legal violation. The Challenged Provisions permit the interrogation, investigation and intimidation of the Plaintiffs simply because they engage in otherwise lawful political speech. The Challenged Provisions of HB 2082 directly burden and restrain protected speech.

17.

Narrower restrictions are available for each of the burdens imposed by in the challenged provisions of HB 2082. These narrower restrictions would be less broad and would not burden or restrain protected speech. Examples of narrower restrictions include: application of personal

Page 6    FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX: (503) 639-6891

fines;  use of existing criminal laws; ; regulations directed specifically toward actual fraud, forgery or other wrongdoing; or reasonable filing fees for starting petitions.

**FIRST CLAIM FOR RELIEF**
Against Defendant Bradbury
*Declaratory Judgment - 28 U.S.C. §2201*
(Declaratory Relief)

**COUNT 1**
**(Violation of the First Amendment to the United States Constitution)**

18.

Plaintiffs re-allege and incorporate the general allegations set out in paragraphs 1 through 17 above.

19.

The Challenged Provisions of HB 2082 impose burdens on the Plaintiffs' rights to engage in core political speech, in violation of the rights protected by the First Amendment to the United States Constitution.

**COUNT 2**
**(Violation of the Fourteenth Amendment to the United States Constitution – Due Process)**

20.

Plaintiffs re-allege and incorporate the general allegations set out in paragraphs 1 through 17 above.

21.

By imposing burdens on the Plaintiff's ability to engage in core political speech, the Challenged Provisions of HB 2082 violate Plaintiff's rights to due process guaranteed by the Fourteenth Amendment to the United States Constitution.

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX: (503) 639-6891

## COUNT 3

**(Violation of the Fourteenth Amendment to the United States Constitution – Equal Protection)**

22.

Plaintiffs re-allege and incorporate the general allegations set out in paragraphs 1 through 17 above.

23.

By imposing burdens on the Plaintiff's ability to engage in core political speech, the Challenged Provisions of HB 2082 violate Plaintiff's rights to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

## COUNT 4

**(Violation of the Fourth Amendment to the United States Constitution - Unreasonable Search and Seizure)**

24.

Plaintiffs re-allege and incorporate the general allegations set out in paragraphs 1 through 17 above.

25.

HB 2082 section 5, subsections (2) and (3) authorize the Oregon Secretary of State, the Oregon Attorney General, or the Oregon Commissioner of Bureau of Labor and Industries, at any time deemed reasonable by any of them, to inspect the records of private and confidential employment information, without any standards or criteria explaining when such an investigation is appropriate or warranted.

26.

HB 2082 section 5 requires the Plaintiffs to turn over physical custody of private and confidential business and employment records, including trade secrets, and other confidential documents that fall within HB 2082, Section 5's overly broad definition of "accounts". Section

Page 8    FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX: (503) 639-6891

5 allows the state to demand inspection of these "accounts" within 10 days of request. Section 5 authorizes state actors to demand such "accounts" from the Plaintiffs without even so much as an allegation of wrongdoing against the Plaintiffs. This search and seizure of private property without any individualized suspicion violates fundamental civil rights guaranteed by the United States Constitution.

### SECOND CLAIM FOR RELIEF
Against Defendant Bradbury
*Violation of Federal Civil Rights — 42 U.S.C. § 1983*
(Injunctive Relief; Attorneys' Fees)

27.

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, 19, 21, 23, 25 and 26 above.

28.

Defendant Bradbury, while acting under color of State law, is the chief elections officer for the state of Oregon, and it his responsibility in said capacity to enforce the election laws of the state of Oregon, including the Challenged Provisions.

29.

The conduct of Defendant Bradbury, under color of state law, will deprive and continue to deprive Plaintiffs of the rights, privileges and immunities secured by the United States Constitution and the Oregon Constitution.

30.

Plaintiffs seek an injunction prohibiting Defendant Bradbury from enforcing the Challenged Provisions of HB 2082.

31.

Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

Page 9    FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX: (503) 639-6891

**WHEREFORE**, plaintiffs pray for a judgment as follows:

A.  On their first claim for relief, declaratory judgment:

(Count 1) Declaring that the Challenged Provisions of HB 2082 violate the First Amendment to the United States Constitution and are therefore void and unenforceable;

(Count 2) Declaring that the Challenged Provisions of HB 2082 violate the due process protections of the Fourteenth Amendment to the United States Constitution and are therefore void and unenforceable;

(Count 3) Declaring that the Challenged Provisions of HB 2082 violate the guarantee of equal protection of the laws contained in the Fourteenth Amendment to the United States Constitution and are therefore void and unenforceable;

(Count 4) Declaring that the Challenged Provisions of HB 2082 violates the Plaintiff's right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment to the United States Constitution and is therefore void and unenforceable;

B.  On their second claim for relief, a permanent injunction enjoining the enforcement of the Challenged Provisions of HB 2082.

```
This Space Intentionally Left Blank
```

Page 10    FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX: (503) 639-6891

    C.  Awarding Plaintiffs reasonable attorney fees, costs and disbursements incurred herein.

    D.  For such other or further relief as the court deems just and equitable.

DATED this 21st Day of May, 2008.

ROSS A. DAY,

/s/ Ross A. Day
Ross A. Day, OSB #002395
*Of Attorneys for Plaintiff*
Ross A Day
Oregonians in Action
PO Box 230637
Tigard OR  97281
Phone: 503-620-0258
Fax: 503-639-6891
E-mail: ross@oia.org

Tyler D. Smith, OSB #075287
*Of Attorneys for Plaintiff*
Tyler D. Smith P.C.
181 N. Grant St. STE 212
Canby, OR 97013
Phone: (503) 266-5590
Fax: (503) 266-5594
Email: tylersmithis@wbcable.net

Page 11    FIRST AMENDED COMPLAINT

OREGONIANS IN ACTION
LEGAL CENTER
P.O. Box 230637 Tigard, Oregon 97303
Telephone: (503) 620-0258
FAX: (503) 639-6891